UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE THE PARKS, et al., | No. 1:21-cv-00518-DAD-HBK |
| Plaintiffs, | |
| v. | ORDER SETTING BRIEFING SCHEDULE |
| UNITED STATES FOREST SERVICE, et al., | |
| Defendants. | |

This matter is before the court on remand from an appeal to the Court of Appeals for the Ninth Circuit. (Doc. No. 39.) On January 25, 2022, the Ninth Circuit issued a memorandum decision vacating this court's order denying a preliminary injunction with respect to two limited issues and remanding the case to this court for further proceedings. (Doc. No. 39.) Although this court denied plaintiffs' motion for a preliminary injunction on all grounds (Doc. No. 26), the Ninth Circuit "vacate[d] the district court's denial of a preliminary injunction on [plaintiff] Unite the Parks' claim that [defendant U.S. Fish and Wildlife Service (FWS)] violated the Endangered Species Act (ESA) by not using raw post-2020-wildfire vegetation data to estimate the current Sierra Nevada fisher population before issuing a biological opinion (2021 BiOp)" and remanded that issue for further proceedings. (Doc No. 39 at 2.) In addition, "[b]ecause additional analysis of this ESA issue may affect the propriety of a preliminary injunction under the National

Environment Policy Act (NEPA)," the Ninth Circuit vacated this court's order denying a preliminary injunction under NEPA and remanded for further proceedings in that regard. (*Id.*) The Ninth Circuit affirmed this court's order denying plaintiffs' preliminary injunction with regard to all other issues. (*Id.* at 2.) On February 22, 2022, the parties filed a joint scheduling report proposing alternative positions on how this case should proceed on remand in light of the Ninth Circuit's memorandum decision. (Doc. No. 43.)

Having reviewed the parties' positions and the direction provided by the Ninth Circuit, the court orders the following briefing schedule:

- **March 25, 2022**: the defendants shall file a factual submission with this court that responds to the specific inquires identified by the Ninth Circuit in its memorandum decision, including the following:

> [o]n remand, the district court should order the USFS and FWS to advise the district court on whether the raw post-2020-wildfire vegetation data cited by Unite the Parks is compatible with existing methods or models for estimating the fisher population. The district court should also order the USFS and FWS to advise whether it would have taken too long to model a new fisher population estimate from the raw post-2020-wildfire vegetation data at issue here, considering any urgent need to complete the thirty-one USFS logging projects challenged by Unite the Parks. The district court should also inquire into any other questions pertinent to whether the raw post-2020-wildfire vegetation data makes any difference in the ESA analysis of these logging projects, including why FWS did not use this data in formulating the 2021 BiOp, why FWS can or cannot use this data, where FWS is now in its analysis of the fisher population, and what has been done with this data.

(Doc. No. 39 at 4–5 (internal citations omitted).) In short, the defendants' factual submission should provide sufficient information for the district court to be able to analyze and explain whether the raw post-2020-wilfire vegetation data could or could not constitute the best available science. (*Id.* at 3.)

- **April 8, 2022**: the plaintiffs shall submit supplemental legal briefing limited to 20 pages addressing the factual submission by the defendants and remanded issues identified in the Ninth Circuit's memorandum decision.

/////

2

- **April 22, 2022**: the defendants shall submit a response or opposition brief, limited to 20 pages, to plaintiffs' supplemental legal briefing.
- **April 29, 2022**: the plaintiffs shall file a reply brief, limited to 15 pages, to defendants' opposition brief.

In setting this briefing schedule, the court declines to follow plaintiffs' suggestion to proceed with an entirely new preliminary injunction motion. As the Ninth Circuit advised the parties in its memorandum decision, "the issues on remand are limited to whether Unite the Parks can secure an ESA-based preliminary injunction based on post-2020-wildfire vegetation data, and whether the answer to this question affects the NEPA analysis." (Doc. No. 39 at 8.)

After the foregoing briefing is completed, the court will advise the parties regarding whether a hearing or further briefing is necessary to decide this matter. The court will also address defendants' pending motion to dismiss (Doc. No. 29), including providing direction to the parties on the remaining briefing in connection with that motion, after the court has resolved the issues that are the subject of the remand. Finally, although the court will act as promptly as it can in carefully addressing this matter, the parties are warned that the court may or may not be able to act as promptly as the parties would like.[1]

IT IS SO ORDERED.

Dated:  **March 4, 2022**

UNITED STATES DISTRICT JUDGE

---

[1] The court appreciates the urgency of the issues raised in this case but wishes the parties to understand the dire situation that this court is still facing. The Eastern District of California's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion. That situation has now been partially addressed by the U.S. Senate's confirmation of a new district judge for this court on December 17, 2021. Nonetheless, for over twenty-two months the undersigned was left presiding over approximately 1,300 civil cases and criminal matters involving 735 defendants. This has, predictably, resulted in a backlog. Unfortunately, that situation often results in the court not being able to issue orders in submitted civil matters within an acceptable period of time. This has been frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel, but it is a situation that the court is powerless to address.