|  |  |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | MAR 16 2022 |
|  | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| UNITE THE PARKS; SEQUOIA FORESTKEEPER; EARTH ISLAND INSTITUTE,<br><br>           Plaintiffs-Appellants,<br><br>  v.<br><br>UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture; UNITED STATES FISH AND WILDLIFE SERVICE, an agency of the U.S. Department of the Interior,<br><br>           Defendants-Appellees. | No.   21-16238<br><br>D.C. No.<br>1:21-cv-00518-DAD-HBK<br>Eastern District of California, Fresno<br><br>ORDER |

Before:  GOULD, BENNETT, and R. NELSON, Circuit Judges.

The panel unanimously votes to deny the emergency motion for a temporary stay filed by Plaintiffs-Appellants Unite the Parks, *et al*. **[Docket Nos. 43, 45].**  In evaluating a motion for an injunction, which Unite the Parks concedes it is seeking, **see Dkt. 43 at 10,** we must "consider whether the moving party has demonstrated that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest." *South Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 939 (9th Cir. 2020).  Here, the factual record is sufficiently sparse such that we cannot ascertain whether Unite the Parks is likely to

succeed on the merits, which is why we remanded the case to the district court. Nor does the factual record contain sufficient evidence to allow us to determine whether Unite the Parks will suffer irreparable harm absent the preliminary relief that it seeks from us. It is not clear from Unite the Parks's motions whether any of the logging projects at issue, let alone which ones, would affect the fisher or its habitat. We conclude that this determination is best addressed in the first instance by the district court because it requires further factfinding. Unite the Parks's emergency motion for a temporary stay is **DENIED** without prejudice.

However, given the urgency of resolving the outstanding preliminary injunction issues in this case, the district court is **ORDERED** to act expeditiously on any motion for a temporary restraining order filed by Unite the Parks. The district court is **FURTHER ORDERED** to promptly rule on the preliminary injunction issues we remanded. It is **FURTHER ORDERED** that the mandate of this Court shall issue immediately so that Unite the Parks may pursue relief from the district court as soon as possible.

**IT IS SO ORDERED.**